# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT ETHAN MILLER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 3:15-cv-533-NJR-DGW** |
| | ) | |
| **J.S. WALTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Leave to Decline Appointment filed by Attorney Brian David Burbrink (Doc. 140).  Pursuant to an Order of this Court, Attorney Burbrink was recruited to represent Plaintiff, Robert Ethan Miller, in this matter.  Attorney Burbrink has filed a motion asking the Court recruit other counsel in this matter as he has been on intermittent leave for a chronic health condition that causes him to work reduced hours.  Based on the representations made by Attorney Burbrink, the Court hereby **GRANTS** Attorney Burbrink's Motion (Doc. 140).  Attorney Brian David Burbrink is hereby terminated from this action. However, the Court's previous finding that the circumstances presented in this case warrant recruitment of counsel has remain unchanged.  Accordingly, it is necessary to recruit Plaintiff another attorney to represent him in this matter.

For the reasons stated and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), the Court **ASSIGNS** Attorney David W. Sullivan of the firm Cox, Zwerner, Gambill & Sullivan, to represent Plaintiff in this Court only.  Counsel shall enter his appearance

on or before **March 28, 2016**.   Counsel is free to share responsibilities with an associate who is also admitted to practice in this district court.   Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.   Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.   Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is assigned counsel who is the legal professional in this relationship.   Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings.   As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action.   While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law.   Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law.   If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel.   **Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation.**   If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.   Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.   In no event will funds be reimbursed if the expenditure is found to be without a proper basis.   The Court has no authority to pay attorney's fees in this case.   No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.   Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.   Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district.   You are also encouraged to view online lectures presented by Mr.

Chapman at www.illinoislegaladvocate.org (under "Legal Resources" then "Prisoners' Rights"). In addition, the Court's website, www.ilsd.uscourts.gov, includes a Prison Litigation handbook which is available to you as a resource.  It is listed under "Forms" as "Attorney Information - Prisoner Litigation Handbook."   The Court encourages you to consult it and Mr. Chapman as needed.

Counsel is informed that Plaintiff is currently incarcerated by the Bureau of Prisons at the United States Penitentiary in Terre Haute, Indiana.   Plaintiff's current contact information is: P.O. Box 33, Terre Haute, IN 47801.  Information about the facility is available at www.bop.gov. Counsel may use the Bureau of Prisons' videoconferencing system to confer with Plaintiff.   The Court asks the Assistant United States Attorney assigned to this case to facilitate those arrangements.

**IT IS FURTHER ORDERED** that all pending Motions filed by Plaintiff *pro se* [with the exception of Document 107] are **DENIED WITHOUT PREJUDICE** (Docs. 143, 147, and 148) so that assigned counsel can evaluate how to proceed.   Additionally, Defendants Motion to Stay Discovery Pending Entry of Plaintiff's Counsel (Doc. 141) is **GRANTED**.  Discovery in this matter is **STAYED** pending the entry of Plaintiff's counsel and the Status Conference set for April 14, 2016.   Counsel is **FURTHER ORDERED** to file a Motion to Amend the Complaint within 45 days of an entry of appearance.

This matter is **SET** for a telephonic status conference on **April 14, 2016 at 2:00 p.m.** Defendants to initiate the conference call.  The Court's conference number is 618-482-9004. Parties should be prepared to discuss the schedule in this matter.

**IT IS SO ORDERED.**

**DATED: March 15, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**