IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ETHAN MILLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-533-JPG-DGW |
| ) | |
| J.S. WALTON, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion Requesting Court Ordered Mental Health Care, construed by the Court as a Motion for Preliminary Injunction (Doc. 107). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Robert Ethan Miller, Jr., an inmate in the custody of the United States Bureau of Prisons ("BOP") filed this lawsuit alleging his constitutional rights were violated while he was incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"). After an initial screening by the Court, it was found that Plaintiff had run up more than three strikes under the Prison Litigation Reform Act and, as such, Plaintiff could only avail himself of pauper status and proceed in this matter on a claim alleging "imminent danger of serious physical injury." In light

of this limitation, Plaintiff was allowed to proceed on one count against defendants J.S. Walton (USP Marion Warden), Ms. Byram (Unit Manager), Mr. Burgess (Case Manager), Paul M. Laird (Regional Director), and Harrell Watts (Administrator of National Appeals) for deliberate indifference related to an impending transfer of Plaintiff into a gang violence program or to a Communications Management Unit with ISIS members at USP Marion, both of which would expose Plaintiff to inmates who have "hits" out on this life.

On September 10, 2015, Plaintiff was transferred from USP Marion to FCI Terre Haute. While at FCI Terre Haute, Plaintiff filed the motion now before the Court captioned "motion requesting court ordered mental health care" (Doc. 107) wherein Plaintiff asserts that he is seriously contemplating suicide due to the isolation he is experiencing in the communications management unit ("CMU") and lack of adequate mental health care. As Plaintiff clearly indicated he was contemplating suicide, the Court construed his motion as a request for preliminary injunction. Although parts of Plaintiff's motion may be described as indecipherable or nonsensical, it appears that Plaintiff is asking the Court to issue an order that the mental health care providers at FCI Terre Haute abide by various laws, including those of the State of Indiana in providing courteous, professional, empathetic, and appropriate care. In particular, Plaintiff complains about the treatment received by one mental health care provider in particular, Ms. Schmidt, whom Plaintiff asserts provides inadequate treatment and lacks compassion and empathy. Plaintiff also asserts that because he is blocked from email, phone, and visitation privileges he is contemplating suicide.

Defendants timely responded to Plaintiff's motion (Doc. 116), asserting that it is best characterized as a claim for deliberate indifference to medical needs and, as all defendants in this

action are either retired or work at USP Marion, they have not demonstrated any deliberate indifference to Plaintiff's medical needs. Defendants also contend that even if they were proper parties to this claim, Plaintiff cannot prevail on the merits as there has been no deliberate indifference to his health or safety. Indeed, Defendants explain that Plaintiff has received ongoing psychological evaluation since arriving at FCI Terre Haute. Defendants further explain that Plaintiff has presented behavioral issues that require his placement in the CMU at FCI Terre Haute.

*Preliminary Injunction Hearing*

The Court held a hearing on Plaintiff's motion to determine whether a preliminary injunction was warranted. At the hearing, Plaintiff indicated that his suicidal thoughts come and go and that "every so often" someone comes to talk to him with regards to his mental health. Plaintiff did not indicate he was experiencing suicidal thoughts at the time of the hearing. However, Plaintiff did express his desire to be placed in general population where he could receive recreational, educational, and food service programming, programming he explained is not available in the CMU where he is currently housed. Plaintiff also complained that his transfer to FCI Terre Haute was not in accordance with BOP policy.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v.*

*Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.,* 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id*. In addition, the Prison Litigation Reform Act provides a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm…," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Importantly, the purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. Here, Plaintiff does not mention any of the named defendants in his motion for preliminary injunction or seek any redress related to the claims pending in this lawsuit. Rather, Plaintiff is seeking better mental health care and a transfer to the general population unit at FCI Terre Haute. Defendants simply do not work in, or have

control over, the administration of FCI Terre Haute. As Plaintiff's motion seeks relief from individuals not a party to this action, Plaintiff's motion is improper. Because Plaintiff has failed to set forth any evidence establishing that he is in imminent harm due to Defendants' actions, he has failed to meet his burden to demonstrate that a preliminary injunction is warranted.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion Requesting Court Ordered Mental Health Care, construed by the Court as a Motion for Preliminary Injunction (Doc. 107), be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 31, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**