IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ETHAN MILLER, JR.,        )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )   Case No. 15-cv-00533-JPG-DGW
                                 )
J.S. WALTON, *et al*.,           )
                                 )
    Defendants.                  )

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' Motion [Doc. 197] to Revoke Plaintiff's IFP[1] status. Plaintiff filed a response [Doc. 205] and defendants filed a reply citing exceptional circumstances as required by Local Rule 7.1. As such, the Court will consider the defendants' reply.

The procedural history with regard to the plaintiff's IFP status is extensive. As set out in a previous order:

> Throughout this litigation, Plaintiff Robert Miller has attempted to "pay" the Court's filing fee via two financial instruments—a $7 million Illinois court judgment and a $10 million Alabama perfected claim. On June 22, 2015, the Court rejected Miller's effort to pay via these methods and ordered him to either file a motion to proceed *in forma pauperis* or pay the filing fee outright. (Doc. 43.) On July 1 and July 2, 2015, Miller filed a motion to proceed *in forma pauperis*, along with several other motions. (Docs. 48-49, 50-51.) The other motions opposed any "encumbrances" on his trust account and took umbrage with the Court's refusal to accept his instruments as payment. (Docs. 48-49 & 51.) On July 8, 2015, the Court again rejected Miller's efforts to pay via his instruments and explained that garnishment from the trust account was part-and-parcel of

---

[1] *In forma paueris* ("IFP") wherein a federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1).

pauper status. (Doc. 53.) The Court ordered Miller to finalize his pauper application by consenting to garnishment or to pay the filing fee outright; if he did not choose one of those options, his case would be dismissed for failure to follow a court order. (*Id.*)

On July 20, 2015, Miller submitted yet another spate of filings linked to the Court's effort to work out the filing fee matter. First, Miller filed a consent form related to his pauper motion, agreeing to permit the Court to garnish his trust fund account. (Doc. 58.) The consent form included a page attached to it, again asserting that payment was proper via Miller's default judgment and perfected claim. Second, Miller filed a motion requesting to give security, again seeking to use his default judgment and perfected claim as payment for the filing fee. (Doc. 61.) . . .

Next up are Miller's renewed efforts to pay with his default judgment and claim instruments: he has filed a "final" motion requesting the Court to accept his instruments as payment for the filing fee, and has also attached minutiae to his pauper consent form that reference those instruments. The Court will construe these motions as an attempt to seek reconsideration of the Court's Order of June 22, 2015, which rejected these instruments as payment of the filing fee. As the Court explained then, 28 U.S.C. § 1914 speaks of straightforward payment of a filing fee and not the use of default judgments or perfected claims in lieu of payment. For that reason and the other reasons put forth in the Court's June 22 Order rejecting payment via Miller's judgment and perfected claim, these motions must be denied.

That leaves the Court with the matter of the filing fee. Pursuant to the Court's Order of July 8, 2015, Miller had the option of submitting a consent form to finalize his pauper application or to pay the Court's filing fee outright. He has elected the former and submitted a consent form authorizing payment from his trust account, so his motion for pauper status will be granted. Subsequent orders of the Court will address the necessary trust fund statements and the collection of funds through the United States Penitentiary at Marion under 28 U.S.C. § 1915.

One closing note is in order concerning the character of Miller's filings in this case. Miller has adopted the tactic of filing motion after motion in an effort to goad the Court into ruling, and then filing multiple motions attacking the Court's disposition once the Court has ruled. These filings are often confusing, repetitive, and cite to irrelevant statutory or Uniform Commercial Code provisions. His treatment of the filing fee issue is a perfect example: for that point, he has attacked the Court's refusal to accept his instruments in repeat motions and filings arguing that point and others, cited irrelevant law throughout most of these filings, and then filed a frivolous motion to interplead this judge and the Acting Clerk of this Court into this case. These filings are in the nature of "sovereign citizen" pleadings, and the repetitive nature of Miller's filings for this point and others is starting to look a lot like vexatious litigation behavior. Courts have inherent authority to protect themselves from this kind of behavior by imposing sanctions. *E.g.*, *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995). Miller has been warned of this kind of behavior by this Court and others—*Miller v. Walton*, No. 13-cv-1307, 2014 WL 1672546, at *1 (S.D. Ill. Apr. 28, 2014) documents warnings in this Court and elsewhere—and if he keeps it up here, he will see sanctions (which could include fines, dismissal with prejudice, or a filing ban).

Document 73 Filed 08/05/15.

Although being warned, plaintiff has continued to file motions with regard to his IFP status (i.e. Motion Contingent Upon Forged IFP being Voided [Doc. 83] claiming his signature was forged on the IFP consent and withdraw of this matter until "security" situation was figured out; Notice of Criminal Complaint [Doc. 94] claiming criminal conduct by judge, magistrate judge and clerk of court because indebtedness should be adequate to post security and threats to make plaintiff file IFP; and Motion for Accounting [Doc. 105] stating that security can be given instead of filing for IFP.) The Court acknowledges that these motions were filed prior to counsel being appointed to represent the plaintiff.

Defendants now move to revoke plaintiff's IFP status stating that the plaintiff, "has not and cannot provide competent evidence that demonstrates he has ever faced an imminent threat of physical injury." Doc. 197, pg. 4. A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996).

In support of their motion, the defendants cite to Magistrate Judge Wilkerson's Report and Recommendation ("R & R")[Doc. 82] which recommended that the plaintiff's requests for injunctive relief be denied. In the report, the Magistrate Judge notes that the plaintiff provided, "only vague, generalized assertions regarding his fears and has failed to provide any competent evident to support his proposition." The Court did not adopt the R & R finding it moot after appointing counsel for the plaintiff. However, defendants argue that the Magistrate Judge's finding still support their position that the plaintiff was never under imminent danger of serious physical injury. Further, the defendants have provided several affidavits that indicate that there is no evidence that there are "hits" on plaintiff's life.

The plaintiff argues that the defendants' motion to revoke equates to a motion under Federal Rule of Civil Procedure 60 requesting relief from this Court's order granting plaintiff IFP status. However, a Rule 60 motion applies to a final judgment or order is not applicable to

an IFP request. As such, the Court agrees with the defendant's reply that defendants' motion did not bring their motion under Rule 60.

Plaintiff further responds that, "Miller's imminent threat allegations surround a 'hit' that was put out on his life by an Islamic Extremist inmate around the same time Miller had been attacked by another Islamic Extremist inmate." [Doc. 205, pg. 2].

The Seventh Circuit has held that:

> Under *Ciarpaglini,* a court considering a motion to proceed IFP should not attempt to evaluate the seriousness of a plaintiff's claims. But it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger. Courts routinely deny IFP requests where the imminent-danger allegations are "conclusory or ridiculous," or where they concern only past injuries. In the same vein, we agree with the district court in this case and the Third Circuit in *Gibbs* that when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict. A contrary conclusion would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof that rebutted those allegations. Such a rule would allow easy evasion of the three-strikes rule. We also agree that a hearing is one proper way to resolve the issue, though we caution courts to be conscious of such a hearing's proper scope. As a general rule, we would expect that an IFP determination should not evolve into a full-scale merits review, though in many cases, including this one, the allegations of imminent danger are linked to the allegations underlying the suit.

*Taylor v. Watkins*, 623 F.3d 483, 485–86 (7th Cir. 2010).

Based on the holding in *Taylor* above, a hearing is proper means to resolve this issue. However, the Court notes that there is a pending Motion for Summary Judgment and such a hearing that could potentially involve the merits of the remaining count.

Therefore, the Court is **DEFERRING** its ruling on Defendants' Motion [Doc. 197] to Revoke Plaintiff's IFP status until a decision is issued with regard to the pending Motion [Doc. 204] for Summary Judgment. If this matter survives summary judgment, the Court will schedule the defendant's Motion to Revoke for hearing.

**IT IS SO ORDERED.**

**DATED:** 3/9/2017

                                             *s/J. Phil Gilbert*
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**