# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ETHAN MILLER,

    Plaintiff,

v.

J. S. WALTON, *et al.*,

    Defendants.

Case No. 3:15-cv-00533-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Robert Ethan Miller has filed a motion to reopen his case. (ECF No. 229.) The Court dismissed this action last year for Miller's failure to exhaust administrative remedies, but Miller now argues under Federal Rule of Civil Procedure 60(b) that the defendants fraudulently concealed a number of matters from him and the Court during those proceedings. Miller's main gripe is that he is now held in the Communications Management Unit at Marion—which Miller points to as a "Private Secure Correctional Facility"—and that filing administrative grievances with the facility is futile. From what the Court can gather, Miller basically wants the Court to reconsider whether he was entitled to bypass the exhaustion requirement.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b).

1

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Miller has presented no evidence that would lead a court to reconsider its decision under Rule 60(b). While these proceedings were ongoing, Magistrate Judge Wilkerson correctly rejected Miller's argument that he should be allowed to circumvent the exhaustion requirement. (*See* ECF No. 221 at pp. 7–11.) Over Miller's objections, the Court adopted that Report and Recommendation. (ECF No. 224.) Miller now asserts that the defendants must produce contracts that they use in oversight of Communications Management Unit he is detained in, and claims that the defendants defrauded the Court earlier in this case by not providing them—but Miller provides no rational reason why that is the case. Instead, as the Government points out, this appears to be an effort by Miller to circumvent the three-strikes provision of the Prison Litigation Reform Act—under which Miller has struck out—and coerce his transfer out of the Communications Management Unit. Accordingly, the Court **DENIES** Miller's motion. (ECF No. 229.)

**IT IS SO ORDERED.**

**DATED: JULY 17, 2018**

> *s/ J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**