UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ETHAN MILLER,

    Plaintiff,

v.

J. S. WALTON, *et al.*,

    Defendants.

Case No. 3:15-cv-00533-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

The Court dismissed this prisoner case over a year ago because plaintiff Robert Ethan Miller failed to exhaust his administrative remedies. In June 2018, Miller filed a motion to re-open his case pursuant to Federal Rule of Civil Procedure 60(b), and the Court denied that motion. (ECF Nos. 229, 232.) Since then, Miller has filed two motions for injunctive relief (ECF No. 234, 237), a motion for the Court to reconsider its order denying Miller's motion to reopen his case (ECF No. 235), a "notice of canon violations and abuses" (ECF No. 236), and a sealed document regarding the prior motion to reopen this case (ECF No. 233). As the Court explained in its last order, this barrage appears to be an effort by Miller to circumvent the three-strikes provision of the Prison Litigation Reform Act—under which Miller has struck out—and coerce his transfer out of the Communications Management Unit at U.S. Penitentiary Marion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have

1

been discovered in time to move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

As the Court already explained in its last order denying Miller's motion to re-open this case/reconsider its prior judgment pursuant to Rule 60(b), "Miller has presented no evidence that would lead a court to reconsider its decision under [that rule]." (ECF No. 232, p. 2.) Miller's filings have become frivolous: the Court closed this case over a year ago for Miller's failure to exhaust his administrative remedies, yet Miller continues to file papers in this case that are, at times, incoherent. Accordingly, the Court **DENIES** all pending motions in this case (ECF Nos. 234, 235, and 237) and **WARNS** Miller that any more frivolous filings here may result in sanctions.

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 14, 2018**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**